IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re APPLICATION of the UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. § 2705(b) | MEMORANDUM DECISION AND ORDER GRANTING APPLICATION<br><br>District Judge David Nuffer |

The United States (the "Government") has applied (the "Application") for a preclusion-of-notice order under 18 U.S.C. § 2705(b), commanding a provider of electronic communications service or remote computing service not to notify any person of the existence of a grand jury subpoena which the Government has served on the provider. The Government's grand jury subpoena seeks non-content information of the sort enumerated in 18 U.S.C. § 2703(c). The Government's Application is GRANTED for the reasons addressed below.

## BACKGROUND

The two statutes at issue, §§ 2703 and 2705, play distinctive roles. They regulate relations between a government entity which seeks information; a service provider which holds information; and the subscriber of the service who owns the information and is therefore a target of investigation. The statutes specify procedures for the acquisition of information by the government and also govern notice to the subscriber target. The information about the subscriber or the subscriber's service activity may contain content or be non-content metadata.

### Overview of Sections 2703 and 2705

18 U.S.C. § 2703 authorizes government acquisition of information in the hands of electronic storage providers and remote computing services. This information is held by those providers on behalf

of a service subscriber, who becomes a target of an information request. The statute requires, in some instances, that the government give notice to the subscriber.

18 U.S.C. § 2705 deals with exceptions to the requirement of government notice to the subscriber. Subsection (a) authorizes delay of notice to the subscriber in some instances, and subsection (b) authorizes the government to seek a court order prohibiting the provider from informing the subscriber of the information request.

## Section 2703 – Information Acquisition and Government Notice to the Subscriber

Section 2703[1] has three major subsections which authorize different types of requests. Subsection (a) authorizes requests for *content* from electronic storage providers. These requests may be

---

[1] The text of § 2703 reads in relevant part as follows:

> **(a) Contents of wire or electronic communications in electronic storage.**--A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.
> **(b) Contents of wire or electronic communications in a remote computing service.--(1)** A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection--
> > **(A)** without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction; or
> > **(B)** with prior notice from the governmental entity to the subscriber or customer if the governmental entity--
> > > **(i)** uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena; or
> > > **(ii)** obtains a court order for such disclosure under subsection (d) of this section;
> > except that delayed notice may be given pursuant to section 2705 of this title.
> **(2)** Paragraph (1) is applicable with respect to any wire or electronic communication that is held or maintained on that service--
> > **(A)** on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and
> > **(B)** solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

made "only pursuant to a warrant." Subsection (b) deals with requests for *content* from remote computing services. These requests may be made by warrant, subpoena or court order. Subsection (c) governs requests for *non-content* information such as name, address, telephone number or other subscriber identifier, numbers dialed, length of sessions and service, and means of payment. In the modern world, these non-content categories have been translated to authorize requests for email addresses and email message logs.[2]

Section 2703 also deals with government notice to the target subscriber. Section 2703(a), which authorizes warrants directed against content stored by electronic communication services, does not deal

---

**(c) Records concerning electronic communication service or remote computing service.--(1)** A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity—
    **(A)** obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction;
    **(B)** obtains a court order for such disclosure under subsection (d) of this section;
    **(C)** has the consent of the subscriber or customer to such disclosure;
    **(D)** submits a formal written request relevant to a law enforcement investigation concerning telemarketing fraud for the name, address, and place of business of a subscriber or customer of such provider, which subscriber or customer is engaged in telemarketing (as such term is defined in section 2325 of this title); or
    **(E)** seeks information under paragraph (2).
**(2)** A provider of electronic communication service or remote computing service shall disclose to a governmental entity the--
    **(A)** name;
    **(B)** address;
    **(C)** local and long distance telephone connection records, or records of session times and durations;
    **(D)** length of service (including start date) and types of service utilized;
    **(E)** telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and
    **(F)** means and source of payment for such service (including any credit card or bank account number),
of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).
**(3)** A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer.

[2] *See e.g.*, *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. /2703(d),* 830 F. Supp. 2d 114, 121–122 (E.D. Va. 2011) (issuing an order for, among other things, records of non-content information, such as the source and destination email addresses and IP addresses); *Sams v. Yahoo! Inc.,* 713 F.3d 1175, 1177, no. 1 (9th Cir. 2013) (requesting, pursuant to a grand jury subpoena, that Yahoo! disclose non-content information).

with notice, because warrants have their own notice requirements. Similarly, 2703(b)(1)(A) warrants directed to remote computing services do not require government notice to the subscriber. But subsection (b)(1)(B) (authorizing requests for content pursuant to subpoena or court order directed to remote computing services) requires government notice to the target,[3] while subsection 2703(c)(3) specifically states that the government is not required to notify the target subscriber of non-content information requests.[4]

### Section 2705 – Delay of Government Notice and Restraint of Provider Notice to Subscriber

Section 2705[5] has two major subsections. Subsection (a) authorizes the Government to delay providing notice to the target subscriber for up to 90—or even 180—days if the content is sought by

---

[3] 18 U.S.C. § 2703(b)(1)(B).

[4] 18 U.S.C. § 2703(c)(3).

[5] The text of § 2705 reads as follows:

> **(a) Delay of notification.--(1)** A governmental entity acting under section 2703(b) of this title may--
>   **(A)** where a court order is sought, include in the application a request, which the court shall grant, for an order delaying the notification required under section 2703(b) of this title for a period not to exceed ninety days, if the court determines that there is reason to believe that notification of the existence of the court order may have an adverse result described in paragraph (2) of this subsection; or
>   **(B)** where an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury subpoena is obtained, delay the notification required under section 2703(b) of this title for a period not to exceed ninety days upon the execution of a written certification of a supervisory official that there is reason to believe that notification of the existence of the subpoena may have an adverse result described in paragraph (2) of this subsection.
> **(2)** An adverse result for the purposes of paragraph (1) of this subsection is--
>   **(A)** endangering the life or physical safety of an individual;
>   **(B)** flight from prosecution;
>   **(C)** destruction of or tampering with evidence;
>   **(D)** intimidation of potential witnesses; or
>   **(E)** otherwise seriously jeopardizing an investigation or unduly delaying a trial.
> **(3)** The governmental entity shall maintain a true copy of certification under paragraph (1)(B).
> **(4)** Extensions of the delay of notification provided in section 2703 of up to ninety days each may be granted by the court upon application, or by certification by a governmental entity, but only in accordance with subsection (b) of this section.
> **(5)** Upon expiration of the period of delay of notification under paragraph (1) or (4) of this subsection, the governmental entity shall serve upon, or deliver by registered or first-class mail to, the customer or subscriber a copy of the process or request together with notice that--
>   **(A)** states with reasonable specificity the nature of the law enforcement inquiry; and
>   **(B)** informs such customer or subscriber--
>     **(i)** that information maintained for such customer or subscriber by the service provider named in such process or request was supplied to or requested by that governmental authority and the date on which the supplying or request took place;

court order or by subpoena *and* certain safety concerns are present. Subsection (b), on the other hand, deals with *precluding* notice instead of *delaying* notice. While notice from the government to the subscriber may be *delayed* for a limited time, notice by the provider to the subscriber may be *indefinitely* restrained. The subsection authorizes the government to seek a court order "commanding a provider . . . to whom a warrant, subpoena, or court order is directed . . . not to notify any other person of the existence of the warrant, subpoena, or court order."[6] This restriction may be effective "for such a period as the court deems appropriate."[7]

The policy considerations for delaying notice versus precluding notice are different, because the balance of constitutional, commercial and governmental interests is different in these different settings. For example, seeking content of communications is much more sensitive than seeking account information. And commercial providers have little concern about government notice to a subscriber but may want to assure subscribers that they protect privacy and give notice of governmental intrusions on subscriber privacy. Government restraint of an innocent provider from fulfilling contractual notice and

---

        **(ii)** that notification of such customer or subscriber was delayed;
        **(iii)** what governmental entity or court made the certification or determination pursuant to which that delay was made; and
        **(iv)** which provision of this chapter allowed such delay.
**(6)** As used in this subsection, the term "supervisory official" means the investigative agent in charge or assistant investigative agent in charge or an equivalent of an investigating agency's headquarters or regional office, or the chief prosecuting attorney or the first assistant prosecuting attorney or an equivalent of a prosecuting attorney's headquarters or regional office.
**(b) Preclusion of notice to subject of governmental access.**--A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), or to the extent that it may delay such notice pursuant to subsection (a) of this section, may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in--
**(1)** endangering the life or physical safety of an individual;
**(2)** flight from prosecution;
**(3)** destruction of or tampering with evidence;
**(4)** intimidation of potential witnesses; or
**(5)** otherwise seriously jeopardizing an investigation or unduly delaying a trial.

[6] 18 U.S.C. § 2705(b).

[7] *Id.*

privacy obligations raises concerns different than direct government notice to an investigation target. In some limited instances, high government interests may outweigh subscriber awareness of an invasion of Fourth Amendment protections, but those interests are different than the interests of the subscribers and providers. Courts do not weigh the policy considerations which led to the enactments, but courts must construe the statutes as written.

### Comparison of Notice Requirement under §§ 2703 and 2705

The following table summarizes the statutory authorizations for seeking information under § 2703 and the undisputed notice requirements under §§ 2703 and 2705.

| Type of Request | *Notice from Government to Target* | | *Notice from Provider to Subscriber* |
|---|---|---|---|
| | *Notice to target required?* | *Delayed notice to target permitted? (§ 2705(a))* | *May provider be ordered not to give notice to subscriber? (§ 2705(b))* |
| **From electronic communication provider storage** | | | |
| Warrant for content | No (§ 2703(a)) | No | |
| Non-content request[8] | No (§ 2703(c)(3)) | No | |
| **From remote computing service** | | | |
| Warrant for content | No (§ 2703(b)(1)(A)) | No | Yes "not required to notify the subscriber or customer under section 2703(b)(1)" |
| Subpoena for content | Yes (§ 2703(b)(1)(B)(i)) | Yes (§ 2705(a)(1)(b)) | Yes "may delay such notice pursuant to subsection [2705] (a)" |
| Court order for content | Yes (§ 2703(b)(1)(B)(ii)) | Yes (§ 2705(a)(1)(a)) | Yes "may delay such notice pursuant to subsection [2705] (a)" |
| Non-content request[8] | No (§2703(c)(3)) | No | |

---

[8] May be administrative or grand jury or trial subpoena (§ 2703(c)(2)), or warrant (§ 2703(c)(1)(A)), court order (§ 2703(c)(1)(B)), consent (§ 2703(c)(1)(C)), or telemarketing (§ 2703(c)(1)(D)) or information sought under paragraph 2 (§ 2703(c)(1)(E)).

6

It is clear that subsection 2705(b) authorizes restraint of the provider if information is sought under § 2703(b). Subsection 2705(b) states that restraint of a provider is authorized when a government entity is "not required to notify the subscriber or customer under section 2703(b)(1)." When a warrant is issued for content under § 2705(b)(1)(A), notice is not mentioned—so not required under § 2703(b)(1). The combined effect of §§ 2703(b)(1)(A) and 2705(b) is that the subscriber may never receive notice of a warrant to obtain content information from a remote computing service and the government may seek an order under § 2705(b) that restrains the provider indefinitely from notifying the subscriber.[9]

Subsection 2705(b) also authorizes restraint of the provider if delay of notice to the subscriber-target is authorized under § 2705(a). Delay is only authorized under § 2705(a) if the content is sought from a remote computing service by court order or by subpoena *and* certain safety concerns are present.

The issue discussed in this order is whether § 2705(b) authorizes an order to a provider when non-content information is sought under § 2703(c). This order finds that § 2705(b) is applicable to government requests under § 2703(c). (The logic of this order would also hold, if the issue were presented, that § 2705(b) authorizes preclusion of notice requests when the government requests information by warrant to an electronic communication storage provider under § 2703(a)).

This same issue was previously addressed on the merits when United States Magistrate Judge Ralph Zarefsky in Central District of California rejected a similar application.[10] The Government appealed Magistrate Judge Zarefsky's Order to United States District Judge R. Gary Klausner. Judge Klausner considered the Government's Ex Parte Application for review of the order denying the application for an order to the provider, and determined that Magistrate Judge Zarefsky's Order was

---

[9] However, separate statutes and rules govern notice from the government to the subscriber. Fed. R. Crim R. 41(f)(3) allows delay of notice for warrants "when authorized by statute." 18 USC § 3103a(b) and (c) allow delay in some circumstances, for a presumptive period of 30 days.

[10] *In re Application of U.S. for an Order Pursuant to 18 U.S.C. 2705(b)*, 866 F. Supp. 2d 1172 (C.D. Cal. 2011).

"clearly erroneous and contrary to law."[11] Without analysis, Judge Klausner ruled that "[t]he plain language permit[s] the government to apply for an order precluding notice under § 2705(b) in connection with a grand jury subpoena for information under 18 U.S.C. § 2703(c)(1)."

In another case in that same district,[12] Judge Michael R. Wilner noted that "[a]t least two other magistrate judges of this Court have previously denied similar applications [for orders to providers]," but he granted the application. Judge Wilner's opinion is not published. It contains no citation to either of the two opinions it mentions though it does mention Judge Zarefsky as the author of one opinion.

With this background, analysis proceeds to the statute in question.

## ANALYSIS

When interpreting a statute, courts are to give effect to the intent of Congress, and in doing so, a court's first reference is to the literal meaning of the words employed in the statute.[13] "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."[14]

---

[11] Order Reversing February 7, 2012 Order Denying Government's Application Pursuant to 18 U.S.C. §2705(b) commanding Twitter, Inc. not to notify any person of the existence of subpoena, Case No. 12-0185M (C.D. Cal., Feb. 2, 2012).

[12] In Re Application of the United States for an Order Pursuant to 18 U.S.C. §2705(b), No. 12-579M (C. D. Cal., March 12, 2012).

[13] Dawson Chem. Co. v. Rohm & Haas Co., 448 U.S. 176, 100 S.Ct. 2601, 65 L.Ed.2d 696 (1980); Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958).

[14] Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

Section 2705(b) reads:

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), or to the extent that it may delay such notice pursuant to subsection (a) of this section, may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in--
>
> (1) endangering the life or physical safety of an individual;
> (2) flight from prosecution;
> (3) destruction of or tampering with evidence;
> (4) intimidation of potential witnesses; or
> (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

The present dispute centers in the first sentence which authorizes seeking an order against provider notice to the subscriber. And really the dispute is in the first three clauses which are the predicate for authority to seek restraint of a provider.

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1), or to the extent that it may delay such notice pursuant to subsection (a) of this section . . .

### The Third Clause

The meaning of the third clause "to the extent that it may delay such notice pursuant to subsection (a) of this section . . . ." is clear. Under § 2705(a), the Government may ask for an order to delay notice to the subscriber "where a court order is sought"[15] or where the government uses a subpoena.[16] The use of court orders and subpoenas directed to remote computing service providers is authorized by § 2703(b)(1)(B)(i) and (ii).

### The First Two Clauses

The meaning of the first two clauses is subject to two possible constructions.

---

[15] 18 U.S.C. § 2705(a)(1)(A).

[16] 18 U.S.C. § 2705(a)(1)(B).

> A governmental entity acting under section 2703, when it is not required to notify the subscriber or customer under section 2703(b)(1) . . . .

Do these two clauses refer only to warrants for content issued under § 2703(b)(1)(A) which has no requirement of notice to the subscriber, or do the clauses refer to all requests other than those for subpoenas and courts orders made under § 2703(b)(1)(B)—which requires notice to the subscriber? Specifically, does the statutory language "not required to notify" refer to the instance when § 2703(b) dispenses with notice (in (b)(1)(A)) or to the instances other than the instance ((b)(1)(B)) in which the government is required to give notice?

### Limited Reading

The government is specifically excused from notifying a subscriber target when a warrant for content is issued to a remote computing service under § 2703(b)(1)(A):

> A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection--
>   (A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant . . .[17]

The first two clauses of § 2705(b) might be limited to this type of request. This Limited Reading restricts the effect of § 2705(b) to § 2703(b)(1)(A) requests.

But the government is also "not required to notify the subscriber or customer under section 2703(b)(1):"

- when warrants are issued against electronic communication service storage under § 2703(a), which has no notice requirement to the subscriber, and

- when non-content information is sought under § 2703(c), which expressly provides that "[a] governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer."[18]

---

[17] 18 U.S.C. § 2703(b)(1)(A).

[18] 18 U.S.C. § 2703(c)(3).

The Limited Reading has the effect of denying preclusion of notice orders in these instances—when the government is specifically excused from notice to the subscriber. So, the provider could not be prevented from giving notice to the subscriber, even when the government has no requirement of notice. This interpretation is troubling because it allows a provider to give notice when the government is specifically excused from notice.

## Holistic Reading

A more Holistic Reading would be less inconsistent. Interpreting the first two clauses of § 2705(b) to apply to all instances other than those that require notice to the subscriber (made by court order and subpoena under § 2703(b)(1)(B)) creates greater consistency. The Holistic Reading ensures preclusion of notice orders are available for content and non-content information, and for warrants to electronic communication storage providers and to remote computing services.

The summary table shows that government notice to the subscriber is not required when action is taken under § 2703(a), (b)(1)(A), and (c)(3) and that these instances are distinct from the instances in which delay may be sought (third clause of § 2705(b)). The top and bottom green boxes delineate all instances in which government notice to the subscriber is not required (first and second clauses of § 2705(b)), while the middle red box delineates all instances in which § 2703(b)(1) does require government notice to the subscriber but permits it to be delayed.

Under the Holistic Reading, preclusion of notice orders are permitted when warrants for content are issued under § 2703(a) (to electronic communication provider storage) and under § 2703(b)(1)(A) (to remote computing service providers); when subpoenas or court orders are issued (§ 2703(b)(1)(B)); and when any non-content request is made (§ 2703(c)).

| Type of Request | *Notice from **Government** to **Target*** | | *Notice from **Provider** to **Subscriber*** |
| --- | --- | --- | --- |
| | *Notice to target required?* | *Delayed notice to target permitted? (§ 2705(a))* | *May provider be ordered not to give notice to subscriber? (§ 2705(b))* |
| **From electronic communication provider storage** | | *Second clause – when notice not required under § 2703(b)(1)* | |
| Warrant for content | No (§ 2703(a)) | No | |
| Non-content request[19] | No (§ 2703(c)(3)) | No | |
| **From remote computing service** | | | |
| Warrant for content | No (§ 2703(b)(1)(A)) | No | Yes "not required to notify the subscriber or customer under section 2703(b)(1)" |
| | *Third clause – when delay may be sought* | | |
| Subpoena for content | Yes (§ 2703(b)(1)(B)(i)) | Yes (§ 2705(a)(1)(b)) | Yes "may delay such notice pursuant to subsection [2705] (a)" |
| Court order for content | Yes (§ 2703(b)(1)(B)(ii)) | Yes (§ 2705(a)(1)(a)) | Yes "may delay such notice pursuant to subsection [2705] (a)" |
| Non-content request[4] | No (§ 2703(c)(3)) | No | |

The Holistic Reading allows a § 2705(b) preclusion of notice order for *all* requests for information under § 2703. This permits the present Application to be granted, prohibiting the provider from notifying the subscriber. But because there is a published order making a different interpretation, further examination is merited.

### Comparison with Magistrate Judge Zarefsky's Opinion

Magistrate Judge Zarefsky rejected the Holistic Reading and accepted the Limited Reading of § 2705(b). He held that § 2705(b) does not allow preclusion-of-notice applications when the government

---

[19] May be administrative or grand jury or trial subpoena (§ 2703(c)(2)), or warrant (§ 2703(c)(1)(A)), court order (§ 2703(c)(1)(B)), consent (§ 2703(c)(1)(C)), or telemarketing (§ 2703(c)(1)(D)) or information sought under paragraph 2 (§ 2703(c)(1)(E)).

12

requests non-content information under § 2703(c)(1). Magistrate Judge Zarefsky provided two bases for his decision:

> First, this is not a situation in which the government entity "is not required to notify the subscriber or customer under section 2703(b)(1)." The United States does not proceed here under section 2703(b)(1). That section applies to the disclosure of the contents of wire or electronic communications in a remote computing service, but the Government's subpoena does not seek the contents of any such communications here. It seeks only subscriber information, of the sort identified in section 2703(c).
>
> Second, this is not a situation in which the government "may delay such notice pursuant to subsection (a) of this section," *i.e.,* section 2705(a). Section 2705(a) applies specifically to situations in which the Government is "acting under section 2703(b)," again referring to disclosure of the content of communications. As noted, however, the Government does not seek relief under section 2703(b).[20]

Judge Zarefsky was aware that the government argued that it makes no sense for a preclusion-of-notice order to be available when requesting content information, which typically requires greater privacy protection, but that a similar order is not available when requesting non-content information which requires less privacy protection. He said:

> The Government may find the result strange now, but Congress could have found the distinction to be rational. Congress could well have thought that there was a greater need to prevent the provider from telling its customer that the Government had obtained the contents of the customer's communications than there was to prevent the provider from telling the customer that the Government had obtained the records as to who the subscriber was, where he lived, and so on. If Congress had said that the provider could be enjoined from disclosing any effort to obtain anything—either content or records—that would have been rational too, but the fact that Congress made distinctions does not make the application of the statute's language "absurd" or "strange."[21]

As addressed above, the Holistic Reading prevents this anomaly and also allows preclusion of notice orders when warrants are issued to electronic storage providers and remote communication service providers. Judge Zarefsky's reading does not allow § 2705 preclusion of notice orders for all information requests under § 2703.

---

[20] *In re Application of U.S. for an Order Pursuant to 18 U.S.C. 2705(b)*, 866 F. Supp. 2d 1172, 1174 (C.D. Cal. 2011).

[21] *Id.* at 1178.

**Grand Jury Secrecy under Fed. R. Crim. P. 6**

Magistrate Judge Zarefsky also relied on Fed. R. Crim. P. 6(e)(2) which provides that "[n]o obligation of secrecy [regarding grand jury proceedings] may be imposed on any person except in accordance" with Rule 6(e)(2)(B). "Rule 6(e)(2)(B) then lists seven categories of persons who must keep grand jury matters secret, but a recipient of a grand jury subpoena is not one of them."[22] Magistrate Judge Zarefsky concluded that the Application the Government seeks pursuant to § 2705(b) is prohibited by Rule 6(e)(2).[23] His reasoning was that "the statute cannot properly be read as authorizing the Court to enjoin a provider from revealing that it has received a grand jury subpoena."[24] But the statute expressly authorizes a preclusion of notice order if the government is proceeding by "a Federal . . . grand jury . . . subpoena" under § 2703(b)(1)(B)(i). This express statement recognizes that the statute may impose secrecy obligations in addition to those stated in Rule 6(e)(2).

## CONCLUSION

Based on statutory authority to issue an order preventing the provider from notifying the subscriber of the subpoena for non-content information issued under § 2703(c), the Government's Application is GRANTED. Because the subject of this order is of interest and importance to others than those involved in this dispute and because the order contains no sensitive information, it is not issued under seal.

Dated September 17, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[22] *Id.* at 1173.

[23] *Id.*

[24] *Id.*